IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

No. 26-5375

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

FRANCISCO V. AGUILAR, in his official capacity as Secretary of State for the State of Nevada,

Defendant-Appellee

---

ON APPEAL FROM THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

---

UNITED STATES' UNOPPOSED MOTION TO HOLD THE BRIEFING SCHEDULE IN ABEYANCE PENDING RESOLUTION OF RELATED NINTH CIRCUIT PROCEEDINGS

---

Plaintiff-appellant United States respectfully requests that the Court hold the briefing schedule in abeyance pending decisions from the panel in *United States v. Oregon*, No. 26-1231 (9th Cir. argued May 19, 2026), and *United States v. Weber*, No. 26-1232 (9th Cir. argued May 19, 2026). Counsel for defendant Nevada Secretary of State Francisco V. Aguilar has been informed of the United States' intent to file this Motion

and consents to this request. In support of the Motion, counsel states as follows:

1. This appeal arises from an action by the United States Department of Justice (DOJ) against Nevada Secretary of State Francisco V. Aguilar alleging, *inter alia*, that Secretary Aguilar violated Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. 20701 *et seq.*, which requires state election officials to retain certain federal election records and allows the federal government to demand such records. Specifically, the DOJ alleged that Secretary Aguilar violated the CRA by refusing the Attorney General's demand for an electronic, unredacted copy of Nevada's Statewide Voter Registration List (SVRL) to determine Nevada's compliance with the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. 20501 *et seq.*, and the Help America Vote Act of 2002 (HAVA), 52 U.S.C. 20901 *et seq.*

2. On August 14, 2026, the district court granted Secretary Aguilar's Motion to Dismiss, concluding that the DOJ is not entitled to the SVRL under Title III of the CRA. The district court found that the SVRL was generated by the Secretary of State and therefore did not "come into [a state officer of election's] possession" as required by the

CRA. Doc. 93, at 7-10 (quoting 52 U.S.C. 20701). The district court also found that the DOJ "has not met its obligation to provide a basis for its demand" as required under 52 U.S.C. 20703. Doc. 93, at 10-11.

3. The *Oregon* and *Weber* appeals pending before this Court present substantially the same legal issues as the present appeal in a similar procedural posture. This appeal, like *Oregon* and *Weber*, will raise questions such as whether the DOJ adequately stated the basis and purpose of its demand for an electronic, unredacted copy of a State's SVRL under Title III of the CRA and whether the SVRL is a record which came into the possession of the defendant relating to any application, registration, payment of poll tax, or other act requisite to voting in a federal election. *See* C.A. Doc. 26, U.S. Br. 14-39, *Oregon* (No. 26-1231); C.A. Doc. 39, U.S. Br. 12-48, *Weber* (No. 26-1232). Under these circumstances, this Court should place the briefing schedule in abeyance pending the panel decisions in *Oregon* and *Weber*. Regardless of the outcome, decisions by this Court in *Oregon* and *Weber* will govern this appeal as binding circuit precedent. The decisions in those appeals will likely resolve or, at a minimum, substantially redefine, the issues in this case. This Court may therefore properly "find it is efficient for its own

docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). Moreover, prior to decisions in *Oregon* and *Weber*, briefing in this case will substantially duplicate the briefing in *Oregon* and *Weber*. Much of that briefing may then be overtaken by decisions in those cases. Accordingly, the United States has not sought to expedite this appeal, as it did *Oregon* and *Weber*, to spare the parties the burden of duplicative and potentially obsolete briefing. Holding the briefing schedule in this appeal in abeyance pending *Oregon* and *Weber* thus remains the most efficient means for this Court to resolve this case.

4. This Court granted a stay of appellate proceedings in *United States v. Fontes*, which also presents the same legal issues as the present appeal and those in the *Oregon* and *Weber* matters. C.A. Doc. 10 (No. 26-3609) (9th Cir. June 22, 2026) (order staying proceedings).

5. The United States has informed counsel for Secretary Aguilar of its intent to file this Motion, and counsel agrees with the government's request.

6. The United States reserves the right to seek an expedited appeal in this case following the decisions in *Oregon* and *Weber*. In the event that the decisions in *Oregon* and *Weber* are adverse to the United States, and the government decides to seek rehearing en banc in those cases, the government further reserves the right to move at that time to consolidate this appeal with *Oregon* and *Weber* and seek initial hearing en banc in this case under Federal Rule of Appellate Procedure 40(g).

WHEREFORE, the United States respectfully requests that this Court hold the briefing schedule in abeyance pending panel decisions in *United States v. Oregon*, No. 26-1231 (9th Cir. argued May 19, 2026), and *United States v. Weber*, No. 26-1232 (9th Cir. argued May 19, 2026).

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ANDREW G. BRANIFF
Acting Chief
Appellate Section

s/ Katie Neff
KATIE NEFF
Senior Counsel
Department of Justice
Civil Rights Division
Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(771) 333-0019

Date: August 21, 2026

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 835 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Katie Neff
KATIE NEFF
Senior Counsel

Date: August 21, 2026